UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Selena S. Randolph**

    v.

**Macy's Retail Holdings, LLC**

Case No. 24-cv-164-PB-AJ
Opinion No. 2024 DNH 103

**MEMORANDUM AND ORDER**

Selena Randolph began her employment discrimination case against Macy's Retail Holdings, LLC, by filing a complaint with the New Hampshire Human Rights Commission ("Commission"). After a protracted delay, the Commission issued a probable cause finding and directed the parties to participate in conciliation. See Doc. 15-1 at 6. When the conciliation process failed to resolve the matter, Macy's removed the complaint to state court, Doc. 1-1, then removed the state case to this Court, Doc. 1, and filed a motion to compel arbitration, Doc. 11.

Randolph does not challenge Macy's contention that the parties have a binding arbitration agreement covering her claims. Instead, she argues that Macy's forfeited its right to compel her to arbitrate by failing to make a pre-suit demand for arbitration and unreasonably delaying its motion to compel arbitration. See Doc. 13-1 at 1-2. Because I am unpersuaded by Randolph's arguments, I grant Macy's motion to compel.

1

# I. **BACKGROUND**

Randolph is a former employee of Macy's. Although she agreed to arbitrate any employment-related disputes, the parties' arbitration agreement expressly authorizes an employee to initiate an employment dispute by filing a complaint with a governmental agency such as the Equal Employment Opportunity Commission (EEOC). Doc. 11-3 at 25. When a complaint is initiated in this manner, it becomes subject to arbitration only "upon receipt of a right to sue letter or similar administrative determination." Id.

Randolph began this case on February 22, 2019, by filing a discrimination and retaliation complaint with the Commission.[1] New Hampshire law permits an employee to sue her employer in state court 180 days after a complaint is filed with the Commission. N.H. Rev. Stat. Ann. 354-A:21-a. Randolph, however, left her complaint with the Commission, where it remained pending for several years.

On May 11, 2023, the Commission issued a Final Investigation Report finding probable cause for Randolph's discrimination and retaliation claims.

---

[1] Randolph alleges that she filed her complaint on December 24, 2018, but she does not point to any evidence to contradict the Commission's records, which state that the complaint was received on February 22, 2019. Doc. 1-1 at 6.

Doc. 15-1 at 6-13. New Hampshire law permits an employer to remove a complaint to state court after a probable cause determination, N.H. Rev. Stat. Ann. 354-A:21-a, but Macy's elected to keep Randolph's complaint with the Commission so that the parties could participate in conciliation, Doc. 15-1 at 2. The conciliation proceeding was delayed several times to accommodate Randolph. Id. It ultimately concluded without a resolution on March 27, 2024. Id. at 3.

Macy's brought proceedings before the Commission to an end on May 16, 2024 by removing Randolph's administrative complaint to state court. See Doc. 1-1. It then removed the state court action to this Court on June 4, 2024, and filed its motion to compel arbitration on July 9, 2024. Doc. 1; Doc. 11.

## II. ANALYSIS

Randolph argues that Macy's forfeited its right to arbitrate her complaint because it failed to make a pre-suit demand for arbitration and unreasonably delayed its motion to compel until after conciliation proceedings had concluded. I evaluate both arguments using the familiar summary judgment standard that applies when ruling on a motion to compel arbitration. See Air-Con, Inc. v. Daikin Applied Latin America, LLC, 21 F.4th 168, 175 (1st Cir. 2021).

3

Randolph's argument that Macy's was required to initiate the arbitration process by making a written demand for arbitration is drawn from Article 6 of the arbitration agreement, which provides in pertinent part:

> To iniate [sic] arbitration, the Employee or Company ("claimant") must give written notice to the other party and or person who is alleged to be liable in the dispute [. . .].

Doc. 11-3 at 26. Because Macy's never served her with a written demand for arbitration, Randolph argues, it forfeited its right to arbitrate her claims. See Doc. 13-1 at 7.

Randolph's argument is based on a misreading of Article 6. The agreement governs both claims by an employee against Macy's and claims by Macy's against an employee. Doc. 11-3 at 26. The provision Randolph relies on plainly applies to Macy's only when it is a "claimant" in a proceeding against an employee who "is alleged to be liable in the dispute." Doc. 11-3 at 26. Because Macy's is the respondent in this matter, Article 6 does not limit Macy's right under § 4 of the Federal Arbitration Act to initiate the arbitration process by seeking a court order compelling the arbitration. See 9 U.S.C. § 4.

Randolph's unreasonable delay argument fairs no better. Randolph faults Macy's for failing to institute arbitration proceedings while her complaint was pending before the Commission but I cannot reconcile her argument with the First Circuit's holding in Marie v. Allied Home Mortgage

4

Corp. that "an employer cannot waive its right to arbitration by failing to raise the arbitration defense with the EEOC or by failing to initiate arbitration during the pendency of the EEOC proceedings." 402 F.3d 1, 16 (1st Cir. 2005). Because Macy's promptly filed its motion to compel arbitration after it brought proceedings before the Commission to a close by removing Randolph's complaint to state court, it cannot be faulted for failing to act sooner.

    Randolph argues that Marie is distinguishable because its holding applies only where a demand for arbitration will "automatically result in two adjudications involving the same issue at the same time." Id. at 16. She then asserts that Macy's could have avoided duplicative administrative and arbitration proceedings by simply removing her administrative complaint to court as soon as the 180-day period passed.

    Randolph's attempt to distinguish Marie misses the mark. Macy's had no ability to remove Randolph's administrative complaint until May 11, 2023, when the Commission issued its probable cause determination. See N.H. Rev. Stat. Ann. 354-A:21-a; see also N.H. Code Admin. R. Hum 203.2 (specifying that respondent's right to remove ripens when Commission makes a probable cause determination). Although at that point, Macy's could have ended further administrative proceedings by removing Randolph's complaint, it reasonably decided to wait to see if the case could be resolved

5

through conciliation. Marie does not require an employer in Macy's position to forego conciliation proceedings in order to preserve its ability to arbitrate. Accordingly, it cannot be distinguished on this basis.

## III. CONCLUSION

For the reasons set forth in this Memorandum and Order, Macy's motion to compel arbitration, Doc. 11, is granted. The case shall be stayed until further order of the court. The parties shall file status reports every six months until the arbitration has been completed.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

December 3, 2024

cc:   Counsel of Record